NICHOLS, et al., Respondents, v. NORDNESS, Appellant.

(184 N. W. 358.)

(File No. 4916. Opinion filed September 16, 1921.)

1. **Parties—Sale of Entire Bank Stock and Guaranteed Notes, Suit on Guaranty, Whether Bank Necessary Plaintiff.**

   In a suit by vendee of the entire capital stock of a bank and all notes held by the bank, on the vendor's guaranty of payment of $10,000 of the notes, held, on demurrer to the complaint, that the bank was not a necessary party plaintiff, the contract of guaranty not being on its behalf.

2. **Pleadings—Sale of All Stock With Notes Held by Bank, Payment Guaranteed—Allegation of Purchase of Stock and "Selection" of Notes, Whether Showing Plaintiff as Owner—Presumption of Ownership.**

   A complaint, in a suit upon an alleged guaranty of payment of $10,000 worth of notes held by defendant vendor of the entire bank stock and all notes held by it, with such guaranty, which alleges that the stock was purchased and "selection of the notes was duly made" and that there remains unpaid on the notes the sum for which recovery is sought, held, that the pleading shows the notes still remaining the property of the bank, and, though it does not directly allege that plaintiffs are still owners of the stock, demurrer confesses that they became purchasers thereof, hence introduction of the sale contract with

proof that plaintiffs had purchased the stock, would have war-
ranted jury or court in presuming, unless contrary was shown,
they continued owners to time of bringing suit; therefore court
was justified in assuming, on demurrer, that plaintiffs remained
owners thereof.

    Smith and McCoy, JJ., taking no part in the decision.

Appeal from Circuit Court, Day County.  Hon. FRANK AND-
ERSON, Judge.

Action by L. C. Nichols, and others, against R. L. Nordness,
upon an alleged contract of guaranty of payment of $10,000 of
certain notes held by a bank whose entire capital stock together
with all notes held by the bank, was sold by defendant to plain-
tiffs.  From an order overruling a demurrer to the complaint,
defendant appeals.  Affirmed.

*Waddel & Dougherty,* for Appellant.

*L. W. Bicknell,* and *Haney & McCoy,* for Respondent.

(1)  To point one of the opinion, Respondents cited:  Sec.
2308, Code 1919; McLaughlin v. First National Bank, 6 Dak.
406.

WHITING, J.  This is an appeal from an order overruling
a demurrer to a complaint.  The demurrer confesses the following
material facts:  Defendant and plaintiffs entered into a written
contract whereby defendant contracted to sell to the plaintiffs and
plaintiffs contracted to purchase of defendant the entire capital
stock of a bank, and whereby, as an inducement for such pur-
chase, defendant contracted to guarantee to plaintiffs the pay-
ment of $10,000 of the notes then held by said bank, or which
had been rediscounted by said bank with other banks.  Plaintiffs
bought the stock of defendants; a selection of the notes was duly
made; and there remains unpaid on said notes the sum for which
recovery is sought.

[1]  The demurrer was interposed upon the grounds:  (a)
that said complaint, upon its face, does not state facts sufficient
to constitute a cause of action; (b) that it appears upon the face
of the complaint that there is a defect of parties plaintiff, in that
the bank is not made a party plaintiff; (c) that several causes of
action have been improperly joined.  Appellant seems to have
abandoned the third ground for demurrer.  The contract of guar-
anty does not purport to be upon behalf of the bank; and it clear-
ly does not extend to or on behalf of the bank.  It is therefore

clear that the bank is not an indispensable party to this action, even if it would have been a proper party.

[2] There remains the question of whether or not the complaint set forth facts sufficient to constitute a cause of action against the defendant on behalf of the plaintiffs. While the complaint is not a model pleading, we think there is sufficient therein to show that these notes still remain the property of the bank. If so, plaintiffs are entitled to recover on the contract of guaranty if they have remained the owners of the stock of said bank. There is no direct allegation that they are now the owners of such stock. Does the complaint fail to state facts sufficient to constitute a cause of action because it fails to allege that the plaintiffs, at the time of bringing this action, were still the owners of the capital stock of the bank? The demurrer confesses that the plaintiffs became the purchasers of all of this stock. If defendant had answered, and upon trial plaintiffs had introduced the contract and had proven that, in accordance with said contract, they had purchased all of this stock and had offered no further evidence, we think a jury or court would be warranted in presuming, unless the contrary was shown, that they had continued to be the owners of said stock up to the time of bringing this action. It follows that, when, by the demurrer, defendant confessed that plaintiffs did become the owners of all of this stock, the trial court was justified in assuming for the purposes of the demurrer, that plaintiffs were conceded to have remained the owners of such stock.

The order appealed from is affirmed.

SMITH and McCOY, JJ., taking no part herein.